The People of the State of New York, Respondent,
against
Luis Benigno Criollo, Appellant.




Appellate Advocates (Angad Singh, Esq.), for appellant.
District Attorney Kings County (Leonard Joblove, Jill Oziemblewski of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Joanne D. Quinones, J.), rendered March 27, 2015. The judgment convicted defendant, after a nonjury trial, of attempted forcible touching, sexual abuse in the third degree and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with forcible touching (Penal Law § 130.52 [1]), sexual abuse in the third degree (Penal Law § 130.55), and harassment in the second degree (Penal Law § 240.26 [1]). Prior to trial, the count of forcible touching was reduced to attempted forcible touching (Penal Law §§ 110.00, 130.52 [1]). At a nonjury trial, the complaining witness testified that defendant had grabbed her buttocks and that he had pushed her against an automobile while he was grabbing her wrists. Following the trial, the Criminal Court found defendant guilty as charged.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the testimony of the complaining witness alone was legally sufficient to establish, beyond a reasonable doubt, defendant's guilt of the charged offenses. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great [*2]deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find no basis to disturb the Criminal Court's credibility determinations and, as a result, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017